WATFORD, Circuit Judge,
dissenting:
This is not a case where the officers knew aggressive dogs were on the property a week before executing a low-risk search warrant, and then planned on killing the dogs as part of the search. See San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose, 402 F.3d 962, 976-77 (9th Cir.2005). In Hells Angels, the officers knowingly executed a backyard-entry plan that made a confrontation with the dogs inevitable, and did so with the intention of shooting the dogs. Id. at 968-69, 976-77.
The officers in this case, in contrast, were executing a high-risk search warrant issued earlier that day. They entered through the house, not the backyard. Once inside the house, the officers knew there were large, potentially aggressive dogs on the property, but the dogs appeared to be safely confined to the fenced-in backyard. The officers who shot Ms. Thurston’s dogs were standing inside the house, guarding a door leading from the house to the backyard, when the dogs unexpectedly flung the door open with their noses. The officers testified without contradiction that the dogs — a 140-pound mastiff and a 70-pound pit bull — growled, bared their teeth, and charged at them inside the house, causing the officers to fear for their safety.
On these facts, a rational jury could find that the officers acted unreasonably only if Ms. Thurston presented evidence suggesting the officers knew or should have known that the dogs could get in the house, but nonetheless took no steps to prevent that from happening. Because Ms. Thurston presented no such evidence, I would affirm.